### H. O. WOOTEN GROCER CO. v. SMITH et al.

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 1, 1913.)

HUSBAND AND WIFE (§ 268*) — COMMUNITY PROPERTY—SEPARATE DEBTS.

Where a husband and wife to secure notes executed by them, the proceeds of which were not used for the benefit of the wife's separate estate, and upon which she was therefore a surety, executed a deed of trust to land, in which

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

the wife owned an undivided one-half interest as her separate estate, the other one-half interest being community property, and the husband thereafter to secure a note executed by him executed a second deed of trust, the right of plaintiff owning the debts secured by both deeds to have the wife's interest first sold and applied to the payment of the debt secured by the first deed, in order that the husband's interest might be available for the payment of the debt secured by the second deed, was a mere equity and not a legal right, and was subordinate to the wife's equity which entitled her to have the husband's interest sold and applied to the debt secured by the first deed before resorting to her interest.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 953–967; Dec. Dig. § 268.*]

Appeal from District Court, Taylor County; Thomas L. Blanton, Judge.

Action by the H. O. Wooten Grocer Company against R. D. Smith and others. From a judgment for plaintiff for insufficient relief, it appeals. Affirmed.

Kirby & Davidson, of Abilene, and Theodore Mack, of Ft. Worth, for appellant. Eugene De Bogory and J. M. Wagstaff, both of Abilene, for appellees.

SPEER, J. This suit was instituted by H. O. Wooten Grocer Company, a corporation, against R. D. Smith, his wife, T. E. Smith, and R. G. Patton and F. G. Alexander, trustees in certain deeds of trust, to recover against the defendant R. D. Smith as maker of two promissory notes and against him and his wife for a foreclosure. The action was dismissed as to the trustees, and as to the other defendants resulted in a partial recovery by the Wooten Grocer Company, and that company has appealed.

The findings of fact upon which the appeal is predicated are as follows:

"I. The court finds that on December 1, 1905, the defendant R. D. Smith and his wife, T. E. Smith, executed and delivered to the American Freehold Land Mortgage Company of London, Limited, a series of certain notes, the following of which are unpaid, to wit: Principal notes Nos. 5, 6, 7, 8, 9, and 10, for the sum of $300 each, all dated December 1, 1905, executed by said R. D. Smith and T. E. Smith, payable as aforesaid on the 1st day of January, 1911, 1912, 1913, 1914, 1915, and 1916, respectively, after date, all bearing interest from date until paid at the rate of 8 per cent. per annum from maturity, payable annually, and interest from maturity at 10 per cent. per annum, the interest being payable annually on the 1st day of January of each year, and providing for the usual accelerative maturity clause and default in the payment of interest, and providing for 10 per cent. attorney's fees. Also the following interest notes: No. 7 for $96; No. 8 for $72; No. 9 for $48; No. 10 for $24—executed by said parties aforesaid, and payable to said mortgage company aforesaid on the 1st day of January, 1913, 1914, 1915, and 1916, respectively, after date, and providing for interest after maturity at the rate of 10 per cent. per annum and 10 per cent. attorney's fees, all of which notes are now owned by the plaintiffs herein, and that to secure said notes said R. D. Smith and wife, T. E. Smith, on said December 1, 1905, executed and delivered their certain deed of trust upon all of the property involved in this suit to secure said notes; said deed of trust having the following provision in same, to wit: 'The money advanced in and secured by this deed of trust is furnished us in part for the purpose of taking up and extending the time of payment of three certain promissory notes executed by R. D. Smith and T. E. Smith, payable to the order of the Abilene Trust Company as follows: One for $500.00 due December 1, 1905, one for $500.00 due December 1, 1906, and one for $1,000.00 due December 1, 1907, all of said notes dated November 10, 1904, and secured by a deed of trust on the land hereby conveyed in favor of K. K. Legett, trustee, which is recorded in volume 8, pp. 538–541, of the Deed Records of Jones county, Texas, and the American Freehold Land Mortgage Company of London, Limited, the beneficiary herein, is hereby specially subrogated to and continued in all the rights, legal and equitable, conferred by said notes and the deed of trust lien securing same.' This deed of trust was duly acknowledged and duly filed for record in Jones county on December 5, 1905, and duly recorded, and all the rights thereunder are now owned and held by plaintiff.

"II. That prior to and at the time of the giving of the deed of trust last mentioned an undivided one-half of the property in controversy was owned by the said Mrs. T. E. Smith as her separate property, and the other undivided one-half of the property in controversy was community property, and the record title of same was in the name of said R. D. Smith, and there was no other outstanding lien against any of said property.

"III. The notes mentioned in finding No. I are now due and unpaid by reason of the election of the holder under the terms thereof, and they are a valid and subsisting indebtedness secured by said lien.

IV. That on January 2, 1911, the said R. D. Smith executed and delivered to the plaintiff the following note and deed of trust, to wit: 'Abilene, Texas, Jan. 2, 1911. $3,668.45. On or before January 1, 1912, after date for value received I promise to pay to the H. O. Wooten Grocer Company, or order, $3,668.45 at Abilene, Texas, to bear interest at the rate of eight per cent. per annum from date, and further hereby agree that, if this note is not paid when due, to pay all costs necessary for collection, including ten per cent. attorney's fees. [Signed]

R. D. Smith. Due January 1, 1912.' Deed of trust was executed by said R. D. Smith against all of the property in controversy conveying the same to F. G. Alexander, trustee, to secure the plaintiff as beneficiary in the payment of said note last mentioned. The said deed of trust was duly acknowledged and filed for record on January 3, 1911, and duly recorded in the records of Jones county, Texas.

"V. The court finds that at the time the said last-mentioned note was given the defendant R. D. Smith was owing the plaintiff the sum covered by said note, and that the same was past due, and that the said note and deed of trust was given in consideration of the extension of time evidenced by said note, to wit, one year.

"VI. The court finds that none of the proceeds of the first note and deed of trust were spent for the benefit of the separate estate of Mrs. T. E. Smith, but that all of same were used originally by the said R. D. Smith for the purpose of engaging in the mercantile business at Delk and Hawley, Texas.

"VII. That at the time the last note and mortgage mentioned in these findings were given the said R. D. Smith was insolvent, and has been insolvent at all times thereafter, but that the plaintiff had no notice of such insolvency whatever until after the giving of said last-mentioned note and mortgage.

"VIII. The court finds that the defendant R. D. Smith acquired his undivided one-half of the property in controversy through the following deed, to wit: 'A deed from R. D. Moore to the defendant R. D. Smith, dated October 7, 1897, and recorded in volume 9, page 344, of the Deed Records of Jones county, Texas, reciting a consideration of $857.00 paid and five notes for $428.57 each, due January 1, 1899, 1900, 1901, and 1902, and 1903, respectively, duly acknowledged, and conveys an undivided one-half interest in the property in controversy.' And that the vendor's lien notes mentioned in said deed were afterwards released of record to the said R. D. Smith by the assignee of said payee of said note, Sarah J. Moore, and payment being acknowledged; but how or in what manner the same were paid the evidence in this case fails to disclose.

"IX. That the time the said last-mentioned note for $3,668.45 was given to the plaintiff by the defendant R. D. Smith the plaintiff, up to and including the time, had no actual notice of any right, claim, or title to any of said lands in, to, and by the said Mrs. T. E. Smith other than whatever constructive notice he may have been charged with by reason of the deed being upon record in Jones county.

"X. Prior to the giving of the first mortgage by R. D. Smith and T. E. Smith the deed conveying to her an undivided one-half of the property in controversy was of record in Jones county, Texas, and there being a recitation in said deed that said property was her own separate interest, and estate, and as a gift from her aunt Sarah J. Moore.

"XI. It was agreed by the parties to the case and the court finds that R. D. Moore was the common source of title, and that R. D. Moore conveyed an undivided one-half of the property in controversy to Sarah J. Moore, and she in turn conveyed the same to Mrs. T. E. Smith, and that the said R. D. Moore conveyed the other one-half to the defendant R. D. Smith."

Upon these facts, which we adopt, the trial court properly rendered judgment personally against appellee R. D. Smith for the amount due on both notes, together with a foreclosure of its deed of trust lien on the property described; as against both defendants subject to the provision that the undivided one-half interest of appellee R. D. Smith shall be first sold, and the proceeds applied to the payment of the amount due on the note first given, with the surplus, if any, to be returned to said appellee, and, if said one-half interest should not sell for enough to satisfy said note, then the undivided one-half interest of the appellee T. E. Smith in the land shall be sold, and the proceeds applied to the payment and satisfaction of any balance due on said indebtedness, with the surplus, if any, to be returned to her. The gist of appellant's contention is that the court erred in not holding, as a matter of law, that the interest of appellee T. E. Smith in the land should first be sold to satisfy its demand on the first mortgage note, to the end, of course, that appellee R. D. Smith's interest in the land could be subjected to the payment of the second mortgage. This is not a legal right of appellant's, but at most is only an equity which it seeks to have enforced, but over against it, and in our opinion exceeding it, is the equity of Mrs. Smith to have the community property of R. D. Smith and herself first sold to satisfy the debt for which her separate property at best is only bound as surety.

The decision in James v. Jacques, 26 Tex. 320, 82 Am. Dec. 613, is very much in point, and the language of that opinion peculiarly apt in the present controversy. It is there said: "The true controversy here is between James and Mrs. Shehan, and we are of opinion that James cannot claim the right to have the respective liens so adjusted as to subject the lots which were community property to the Belger judgment (a second lien), and the piece of land called the Rincon, which is Mrs. Shehan's separate property, to the lien of the deed of trust, or to the payment of the debt to Vance (a first lien). Mrs. Shehan is shown to be a surety for her husband in the note to Vance. Her separate property is in no way liable to the judgment in favor of Belger. It is true her separate property is liable to the debt of Vance, but only in connection with community property, which ought first to be exhausted. In this state of case to adjust the liens of Vance and

Belger in such way as to make the separate property of Mrs. Shehan liable to the whole of the Vance debt is to deprive her of a right viz., to have the community property first made subject to that debt, and would be the same thing in the end as to make her separate property liable to the judgment of Belger."

So here to sustain appellant's contention would be the same thing in the end as to make Mrs. Smith's separate property liable to the second debt and mortgage of her husband, a thing to which she is in no manner bound either by contract or estoppel. It would be a strange equity that would thus take one person's property for the payment of another's debt.

There is no error in the judgment, and it is affirmed.